E-FILED
Wednesday, 20 June, 2018  02:09:36 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| ASHLEY ULERY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:18-cv-3152 |
| | ) | |
| CAPITAL ONE BANK (USA), N.A., | ) | |
| d/b/a Cabela's Club, | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S COMPLAINT

Plaintiff, ASHLEY ULERY ("Plaintiff"), through her attorneys, alleges the following against

Defendant, CAPITAL ONE BANK (USA), N.A. ("Defendant"):

### INTRODUCTION

1.      This action is brought pursuant to the Telephone Consumer Protection Act ("TCPA"), 47

U.S.C. § 227 *et seq*.

### JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction of this action pursuant to 47 U.S.C. § 227(b)(3)

and 28 U.S.C. § 1331.

3.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) as the acts and transactions

giving rise to this action occurred in this district as Plaintiff resides in this district and Defendant transactions

business in this district.

### PARTIES

4.      Plaintiff is a natural person who at time relevant resided Lincoln, Illinois.

5.      Defendant is a business entity with headquarters located in Virginia.

6.      Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

7.      Plaintiff has a Cabela's Club credit card which is issued and/or serviced by Defendant.

8.      Defendant started calling Plaintiff at telephone number (217) 720-62xx.

9.      Telephone number (217) 720-62xx is assigned to Plaintiff's cellular telephone.

10.     The purpose of Defendant's calls was related to the credit card.

11.     These calls were for a non-emergency purpose.

12.     Upon information and good faith belief, based on the frequency, number, nature and character of these calls, Defendant placed them by using an automatic telephone dialing system.

13.     On or about January 2, 2018, Plaintiff spoke with Defendant.

14.     During this conversation, Plaintiff informed Defendant that she wanted Defendant to stop calling her cell phone.

15.     During this call, Defendant's representative confirmed that they would no longer be contacting Plaintiff's cell phone number.

16.     Defendant continued to use an automatic telephone dialing system to call Plaintiff's cell phone after January 2, 2018.

17.     Between January 2, 2018 and February 14, 2018, Defendant used an automatic telephone dialing system to call Plaintiff's cellular telephone at least sixty-two (62) times.

18.     Defendant called Plaintiff's cell phone multiple times per day.

19.     Defendant called Plaintiff's cell phone up to three (3) times in a single day.

20.     Defendant willfully and voluntarily used an automatic telephone dialing system to call Plaintiff's cell phone.

21.     Defendant intended to use an automatic telephone dialing system to call Plaintiff's cell phone.

22.     Defendant did not have Plaintiff's express consent to use an automatic telephone dialing system to call Plaintiff's cell phone.

23.     Plaintiff is annoyed and feels harassed by Defendant's calls.

## COUNT I
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

24.     Defendant's actions alleged *supra* constitute numerous violations of the TCPA, entitling Plaintiff to an award of $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

25.     Defendant's actions alleged *supra* constitute numerous and multiple knowing and/or willful violates of the TCPA, entitling Plaintiff to an award of $1500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

**WHEREFORE**, Plaintiff respectfully requests judgment be entered against Defendant for the following:

26.     Statutory damages of $500.00 for each and every violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B),

27.      Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(b) and 47 U.S.C. § (b)(3)(C),

28.     All court costs, witness fees and other fees incurred,

29.     Any other relief that this Honorable Court deems appropriate.


Respectfully submitted,


Dated:  June 20, 2018                                      /s/ Adam T. Hill
                                                           Adam T. Hill
                                                           KROHN & MOSS, LTD.
                                                           10 N. Dearborn St., 3rd Fl.
                                                           Chicago, Illinois 60602
                                                           Telephone:  312-578-9428
                                                           Telefax:  866-861-1390
                                                           ahill@consumerlawcenter.com
                                                           Attorneys for Plaintiff